JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>   Plaintiff,<br><br>  vs.<br><br>JACQUES P. DUPUIS,<br><br>   Defendant. | ) CASE NO. CV 08-05763 MMM (CTx)<br>)<br>) ORDER REMANDING PROCEEDINGS<br>) TO STATE COURT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

On September 4, 2008, pro se defendant Jacques P. Dupuis ("Dupuis") filed a notice of removal ("removal notice") in response to a Los Angeles County District Attorney's Notice to Appear (No. 11979), issued on August 6, 2008. The Notice to Appear cites Dupuis for a violation of Los Angeles County Code §22.24.025, misdemeanor illegal land use.

Because Dupuis fails to allege claims over which the court can exercise jurisdiction under 28 U.S.C. § 1443, the matter cannot be removed. Pursuant to 28 U.S.C. § 1446, therefore, the court remands the action forthwith case to state court.

## I. FACTUAL BACKGROUND

The State of California filed a misdemeanor complaint for unlawful land use against Dupuis

in state court on June 12, 2008.[1]  Dupuis was served with a notice to appear on August 6, 2008.  A court date of August 28, 2008 at 8:30 a.m. was set.[2]  Dupuis alleges that he is being wrongfully prosecuted in Los Angeles Superior Court, and that the state court lacks jurisdiction over his criminal proceedings.  He thus removed the action to federal court.

## II.  DISCUSSION

### A.     Legal Standard For Removal

Federal courts are courts of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress.  See *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir.  1996).  "The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists."  13 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE & PROCEDURE: JURISDICTION 2D § 3522, at 62 n.3 (1984).  The right to remove a case from state to federal court is governed by statute.  *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).  See also *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 28  (2002) ("Removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress'").  The party that removed the case generally bears the burden of establishing that federal jurisdiction is proper.  See *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)); see also *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996) (removing defendants bear the burden of proving, by a preponderance of the evidence, actual facts sufficient to support jurisdiction).

---

[1]Misdemeanor Complaint for Arrest Warrant ("Complaint"), at 1.  Specifically, Dupuis is charged with unlawfully maintaining a cargo shipping container on the premises.

[2]Verified Notice of Removal of Los Angeles County District Attorney's Notice to Appear No. 11979 ("Removal Notice"), Docket No. 1, at Exh. C.

28 U.S.C. § 1443 governs removal of a criminal prosecution such as this.[3]  To remove a case under § 1443(1), a defendant must satisfy a two-pronged test.  First, "it must appear that the right allegedly denied [to] the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'"  *Johnson v. Mississippi*, 421 U.S. 213, 220 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)); see also *Davis v. Superior Court of California*, 464 F.2d 1272, 1273 (9th Cir. 1972) (removal of state prosecution to federal court under § 1443(1) is "both specific and extremely narrow"; claims must relate to statutes explicitly protecting equal racial civil rights).  Second, it must appear "that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of the State.'"  *Johnson*, 421 U.S. at 220.  This generally requires a state law or constitutional provision that denies the defendant an opportunity to raise a federal right.  *Johnson*, 421 U.S. at 220; see also *Inland Valley Dev. Agency v. Patel*, 116 Fed. Appx. 98, 99-100 (9th Cir. Nov. 4, 2004) (Unpub. Disp.) ("[P]etitioners must assert that the state courts will not enforce [their federal] right[s], and support that allegation by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights").[4]

Section 1446 governs the procedure for removals of criminal prosecutions, and requires that a removal petition "be filed not later than thirty days after the arraignment in the State court, or at

---

[3]"If [a] state criminal prosecution is removable to federal district court, it must be on the basis of one of three federal statutes, 28 U.S.C. § 1442, 28 U.S.C. § 1442a, or 28 U.S.C. § 1443."  *Iowa v. Johnson*, 976 F.Supp. 812, 816 (N.D. Iowa 1997).  Section 1442 addresses removal where federal officers or agencies are being sued or prosecuted, while § 1442a deals with removal where members of the armed forces are being sued or prosecuted.  Since neither federal officers or agencies nor members of the armed forces are sued here, §1443 controls.

[4]"Pleadings filed by *pro se* litigants are held to 'less stringent standards than formal pleadings by lawyers.'"  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), abrogated on other grounds by *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).  See also *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) ("More generally, the Court has held pro se pleadings to a less stringent standard than briefs by counsel and reads *pro se* pleadings generously, 'however inartfully pleaded,'" citing *Haines*, 404 U.S. at 519, 520); *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1268 (9th Cir. 1992) (noting that the entry of a default judgment "against a pro se litigant . . . for essentially a mistake of form strikes us as an unjust and excessive sanction").  These "liberal pleading standards" are not without limits, however, and even a pro se litigant must, in order to avoid dismissal, make allegations that vest the court with subject matter jurisdiction.  See *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

1    any time before trial, whichever is earlier, except that for good cause shown the United States district

2    court may enter an order granting the petitioner leave to file the petition at a later time." 28 U.S.C.

3    § 1446(c)(1). If it appears from the face of the pleading that removal is improper, § 1446 requires

4    that the district court issue an order for "summary remand." See 28 U.S.C. § 1446(c)(4); see also,

5    e.g., *FIA Card Services, NA v. Romero*, 08-CV-901 AWI GSA, 2008 WL 2705143, *1-2 (E.D. Cal.

6    July 8, 2008) (discussing the summary remand provision in 28 U.S.C. § 1446(c)(4)).

7    **B.    Whether Dupuis's Removal Complies With §§ 1443 and 1446**

8         A misdemeanor complaint was filed against Dupuis on June 12, 2008. Dupuis was not

9    served with a notice to appear, however, until August 6, 2008. Dupuis filed his removal notice on

10    September 4, 2008, within thirty days as required by statute. 28 U.S.C. § 1446(c)(1).

11         The removal notice makes clear, however, that Dupuis cannot meet the criteria for removal

12    under § 1443. First, Dupuis fails to allege violations by the State of California of a statute enacted

13    to protect civil rights stated in terms of racial equality. Dupuis is charged only with violating Los

14    Angeles County Code § 22.24.025, which pertains to unlawful land use. It was clearly not enacted

15    to protect racial equality. Nor does Dupuis allege that the prosecution is motivated by his race or

16    national origin or otherwise satisfy the first requirement for removal under § 1443.

17         Dupuis likewise fails to allege the existence of a California state law that prevents him from

18    enforcing his federal rights in state court. See *Hewitt v. City of Stanton*, 798 F.2d 1230, 1233 (9th

19    Cir. 1986) ("[I]t must appear that the right allegedly denied arises under a federal law 'providing for

20    specific civil rights stated in terms of racial equality,' and that the removal petitioner is denied or

21    cannot enforce the specific federal right in state court"); see also *California v. Sandoval*, 434 F.2d

22    635, 636 (9th Cir. 1970) (holding that the allegations must be supported by reference to a state

23    statute or constitutional provision that purports to command state courts to ignore federal rights at

24    issue).

25         Because Dupuis has not met the criteria for removal under § 1443, the court lacks the

26    jurisdiction to consider the merits of his action. 28 U.S.C. § 1446(c)(4). Accordingly, the action

27

28

4

1   is summarily remanded to state court.[5]  *See id.*  See also *Hurt v. Dow Chemical Co.*, 963 F.2d 1142,

2   1145 (8th Cir. 1992) ("The jurisdiction of the lower federal courts, both original and removal, is

3   entirely a creature of statute[;] [i]f one of the statutory requirements is not met, the district court has

4   no jurisdiction").

5

6                                    **III. CONCLUSION**

7        For the foregoing reasons, the court remands this case to state court.

8

9   DATED: September 30, 2008                    *Margaret M. Morrow*

10                                         MARGARET M. MORROW
                                          UNITED STATES DISTRICT JUDGE

11

12

13   _____

14   [5]Dupuis argues the state court has no subject matter jurisdiction because he is a foreign
     defendant.  (Removal Notice, ¶¶ 1, 14.)  He explains that when California became a state in 1849,
15   the legislature adopted a Constitution based on common law rather than civil law (the "1849
     Constitution").  (*Id.*, ¶ 5.)  Dupuis further states that, after the Civil War, the United States forced
16   the state to adopt a new Constitution (the "1879 Constitution"), which was based on civil law.  (*Id.*,
     ¶ 7.)  Dupuis contends there is no record that the 1849 Constitution was ever replaced or repealed
17   by the 1879 Constitution and thus that both exist today as a matter of law.  (*Id.*)

18        Dupuis's land, located in Llano, California, is subject to a United States Land Patent.  (*Id.*,
     ¶ 11.)  Dupuis states that none of the land patents issued by the United States reserves any right to
19   the State of California or the County of Los Angeles.  (*Id.*, ¶ 13.)  Specifically, he argues that the
     State of California has no jurisdiction over him as he is living on land located in the 1849 California
20   common law republic and is thus a foreign defendant outside the state's jurisdiction.  (*Id.*, ¶ 14.)

21        Dupuis's argument regarding the 1849 and 1879 Constitutions has no merit because "[t]he
     California Constitution of 1849 is no longer in effect, as the current Constitution was adopted in
22   1879." *Harris v. Business, Transp. and Housing Agency*, C-07-0459-PJH, 2007 WL 1574553, *10
     (N.D. Cal. May 30, 2007); see also *Wheeler v. Thomas F. White & Co., Inc.*, CV-97-9564-WDK,
23   1998 WL 239266, *5 (C.D. Cal. Mar. 19, 1998) ("Defendants next argue that Plaintiff cannot state
     a claim for 'violation of liberty of conscience' under Article I, § 4 of the California Constitution of
24   1849, as the Second Cause of Action attempts to do. . . .  This cause of action fails for several
     reasons.  First, the California Constitution of 1849 is no longer in effect, as the current Constitution
25   was adopted in 1879" (citation omitted)); 7 Witkin, SUMMARY OF CALIFORNIA LAW,
     CONSTITUTIONAL LAW, § 67 (10th ed. 2006) ("The California Constitution was adopted by a
26   convention on October 10, 1849. . . .  A new Constitution was adopted by a convention on March
27   3, 1879").  Because the 1849 Constitution is no longer in effect, Dupuis's assertion that his land
     belongs to the 1849 California common law republic is unavailing.
28